**DEARBORN et al. v. COE, Com'r of Patents.**

No. 5824.

Court of Appeals of the District of Columbia.

Argued Oct. 5, 1933.

Decided Dec. 26, 1933.

Rehearing Denied Jan. 22, 1934.

Edgar M. Kitchin, of Washington, D. C., for appellants.

T. A. Hostetler, Sol. U. S. Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a decree of the Supreme Court of the District of Columbia dismissing a bill of complaint which sought the granting of a patent under section 4915, Rev. St., as amended in 1929 (35 USCA § 63).

The bill alleged that the appellants' application for a patent had been rejected by the primary examiner of the Patent Office upon two grounds: First, that the subject-matter claimed was not patentable under the statutes; and, second, that the claims set out in the application did not disclose invention over the prior art. Appellants alleged that after the rejection of the claims by the primary examiner an appeal was taken to the Board of Appeals of the Patent Office, and that the Board sustained the ruling of the primary examiner.

The application in question contained 98 claims, of which claims 1, 5, 11, 12, 21, and 57 are illustrative and read as follows:

"1. The method of forming a written record of words which comprises writing the words, using only a letter or letters of a commonly known alphabet phonetically suggestive of words or word syllables, together with capital letters representing phonetically related syllables and a limited number of nonliteral symbols having arbitrary phonetic significance when used alone or in conjunction with letters."

"5. The art of recording words by employment of characters of a commonly known alphabet as shorthand involving principles including one principle under which "T" is used to express the word TO in infinitives only."

"11. The art of recording words by em-

ployment of characters of a commonly known alphabet as shorthand involving principles including one principle under which AND is omitted in such phrases as MORE AND MORE."

"12. The art of recording words by employment of characters of a commonly known alphabet as shorthand involving principles including one principle under which a comma (,) is written to express the medial or final sound of IE."

"21. The art of recording words by employment of characters of a commonly known alphabet as shorthand involving principles including one principle under which c/ is written to express the sound of final ANGE, ENCE, INSE, and also ANCY, ENCY."

"57. The art of recording words by employment of characters of a commonly known alphabet as shorthand involving principles including one principle under which "K" is written to express final ACLE, ICAL, ICLE."

In appellants' application it is stated that the invention relates to a system of abbreviated or rapid writing, and is designed to enable matter to be taken down from ordinary dictation. That ordinary shorthand and other systems in which the various syllable or word sounds are represented by arbitrary symbols take a great deal of time and hard study to learn thoroughly, and require constant practice in order that dictation of average speed may be taken down efficiently. That this is largely due to the fact that such systems require the use of arbitrary symbols with which the student has no familiarity before beginning the study of the system, and the learning of these symbols is comparable to learning a new language into which the speaker's words must be translated. That such systems are mastered with extreme difficulty, and the skill required to take fairly rapid dictation takes months, often years of practice. That ordinary shorthand, and in fact any system in which the various syllable or word sounds are represented by arbitrary symbols not found upon the keyboard of an ordinary typewriter, cannot be carried out upon such a typewriter, but must be performed by hand or upon a special machine. That one of the principal objects of appellants' invention is to produce a new and improved system of abbreviated writing which requires only a small part of the time and study required by the ordinary shorthand systems to master the system sufficiently to enable ordinary dictation to be taken and transcribed efficiently.

That the present invention is a system of abbreviated writing employing only the letters of the alphabet and the numbers and punctuation marks which appear upon the keyboard of an ordinary typewriter. That systems of abbreviated writing in which the letters of the alphabet, numbers, and punctuation marks are employed have heretofore been devised, but these systems have for the most part been memory codes and have not been reducible to a relatively few principles as is the present system.

The specifications give ninety-five principles for abbreviating. A few principles are noted by the examiner and are here copied:

"1. A syllable or word is expressed by the letter or letters which are most suggestive of the sound of the syllable or word. Ex., be is written b; could is written kd.

"2. Omit all silent letters. Ex., know is written no.

"3. When C has the sound of K, write k. Ex., could is written kd."

"7. Write c to express the sound of CH. Ex., Church is written cc."

"14. Write v to express final ever. Ex., whenever is written wnv; whoever is written hov."

"19. Use a hyphen (-) to express the sound of medial or final and, ant, end, ent, ment, und, and ind. Ex., band is written b-; sent is written s-; raiment is written ra-; sentiment is written s--."

"95. Write only so much of a word as is necessary to suggest the word."

The record contains various references of prior patents which are claimed as anticipations of appellants' claims. From among these we select letters patent issued to John S. Campbell, dated December 25, 1888, No. 395,120. Campbell states in his application that his invention relates to the art of writing or printing language, its primary object being to provide a system of notation adapted for use on the ordinary typewriter by which spoken words and sentences may be printed in abbreviated form, thereby facilitating the recording of speech directly in and by the use of such typewriters in lieu of employing ordinary systems of phonography by handwriting; that his invention consists in a system of abbreviation in which the letters, signs, and characters, ordinarily placed or which may be provided on typewriting machines are employed with certain additional powers or functions and in a new relation, whereby language may be recorded in the

ordinary printed characters, but in abbreviated form. Claim 1 of Campbell's application reads as follows: "1. The improvement in the art of recording speech by typewriting, consisting of abbreviating words and syllables by printing first a prefix-mark designating the class or group to which the leading vowel sound of the word or syllable is assigned, and following said mark with the leading consonantal letters of such word or syllable in ordinary close succession from left to right."

In appellants' system as in Campbell's the desired abbreviation of transcribed material is accomplished by means of the elimination of certain letters from the written words, and by the adoption of one or more letters as symbols for syllables. While there is some difference in the details of the systems their underlying principles are essentially similar. Appellants' system may in certain particulars be an improvement over that of Campbell, but the improvement does not attain to the character of invention. See text and citations in 48 C. J. p. 65, § 70. In the Encyclopedia Britannica, article "Shorthand," a history is given of the gradual development of the various systems of shorthand, all of which, however, are necessarily based upon the principle of abbreviating the written words either by the use of arbitrary characters or of one or more letters of the alphabet to represent words or syllables.

In the lower court appellants asked leave to amend certain of their claims and to add two additional claims. The motion was denied and this ruling is assigned as error. We do not find it necessary to pass upon this assignment in view of the fact, as already stated, that the application of the appellants disclosed no invention over the prior patent issued to Campbell.

The decree of the lower court is therefore affirmed.